United States Bankruptcy Court
Southern District of Texas
**ENTERED**
May 23, 2025
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO: 25-31816** |
| **TEXAS ESENCIA 2019 LLC** | § | |
| **and** | § | |
| **ROSSLYN2016 LLC** | § | |
| **and** | § | |
| **TIMBERS2020 LLC,** | § | |
| **Debtors.** | § | **Jointly Administered** |
| | § | **CHAPTER 11** |

**ORDER**
**OF DISMISSAL WITH PREJUDICE**
***Resolving ECF Nos. 42 and 44***

Pending before the Court are two matters self-styled as "United States Trustee's Expedited Motion To Dismiss With Prejudice Or Convert Case"[1] filed by the United States Trustee on May 8, 2025 and "Morgan Stanley Private Bank, National Association's Emergency Motion To Dismiss, Or In The Alternative, To Convert The Cases To Cases Under Chapter 7, Or Appoint A Chapter 11 Trustee"[2] filed by Morgan Stanley Private Bank, National Association on May 7, 2025. No other party-in-interest has filed a response to the above stated motions.

The Debtors in these cases are Texas Esencia 2019 LLC, Rosslyn 2016 LLC, and Timbers 2020, LLC, ("the *Debtors*"), (combined with the Debtors, the United States Trustee and Morgan Stanley Private Bank, National Association, the "*Parties*").

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides "the district courts shall have original and exclusive jurisdiction of all cases under title 11 or arising in or related to cases under title 11." Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[3] This Court determines that pursuant to 28 U.S.C. § 157(b)(2)(A) and (O) this proceeding involves primarily core matters as it "concern[s] the administration of the estate."[4] Furthermore, this Court may only hear a case in which venue is proper.[5] Pursuant to 28 U.S.C. § 1409(a), "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending." Debtors' main chapter 11 cases are presently pending

---

[1] ECF No. 44.
[2] ECF No. 42.
[3] 28 U.S.C. § 157(a); *see also In re Order of Reference to Bankruptcy Judges*, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).
[4] 11 U.S.C. § 157(b)(2); s*ee also In re Southmark Corp.*, 163 F.3d 925, 930 (5th Cir. 1999) ("[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.").
[5] 28 U.S.C. § 1408.

in this Court and therefore, venue of this proceeding is proper.

The pending dispute before this Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Accordingly, this Court concludes that the narrow limitation imposed by *Stern* does not prohibit this Court from entering a final order here.[6] Alternatively, this Court has constitutional authority to enter a final order because all parties in interest have consented, impliedly if not explicitly, to adjudication of this dispute by this Court.[7] The parties have engaged in litigation in front of this Court, including numerous hearings and motions practice. None of these parties has ever objected to this Court's constitutional authority to enter a final order or judgment. These circumstances unquestionably constitute implied consent. Thus, this Court wields the constitutional authority to enter a final order here.

On May 22, 2025 the Court held a hearing wherein the Parties announced an agreement on all pending matters. Accordingly, it is therefore

**ORDERED**: that

1. The "United States Trustee's Expedited Motion To Dismiss With Prejudice Or Convert Case"[8] filed by the United States Trustee on May 8, 2025 and "Morgan Stanley Private Bank, National Association's Emergency Motion To Dismiss, Or In The Alternative, To Convert The Cases To Cases Under Chapter 7, Or Appoint A Chapter 11 Trustee"[9] filed by Morgan Stanley Private Bank, National Association on May 7, 2025 are GRANTED in part as follows:

2. These jointly administered Chapter 11 cases are DISMISSED WITH PREJUDICE for refiling for a period of 180 calendar days from the date of the entry of this order.

3. Violations of this Order may result in civil contempt of Court.

4. By agreement of the Parties, 11 U.S.C. § 362(d)(4)[10] shall apply to all real properties of the Debtors as follows: Texas Esencia 2019 LLC *Doing Business As* La Esencia Apartments 300

---

[6] See, e.g., *Badami v. Sears (In re AFY, Inc.),* 461 B.R. 541, 547-48 (8th Cir. BAP 2012) ("Unless and until the Supreme Court visits other provisions of Section 157(b)(2), we take the Supreme Court at its word and hold that the balance of the authority granted to bankruptcy judges by Congress in 28 U.S.C. § 157(b)(2) is constitutional."); see also *Tanguy v. West (In re Davis),* No. 00-50129, 538 F. App'x 440, 443 (5th Cir. 2013) ("[W]hile it is true that *Stern* invalidated 28 U.S.C. § 157(b)(2)(C) with respect to 'counterclaims by the estate against persons filing claims against the estate,' *Stern* expressly provides that its limited holding applies only in that 'one isolated respect' .... We decline to extend *Stern's* limited holding herein.") (Citing *Stern*, 564 U.S. at 475, 503, 131 S.Ct. 2594).

[7] *Wellness Int'l Network, Ltd. v. Sharif,* 575 U.S.655, 135 S. Ct. 1932, 1947, 191 L.Ed.2d 911 (2015) ("*Sharif* contends that to the extent litigants may validly consent to adjudication by a bankruptcy court, such consent must be expressed. We disagree. Nothing in the Constitution requires that consent to adjudication by a bankruptcy court be express. Nor does the relevant statute, 28 U.S.C. § 157, mandate express consent . . . .").

[8] ECF No. 44.

[9] ECF No. 42.

[10] **(4)**with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either—**(A)** transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or **(B)** multiple bankruptcy filings affecting such real property. If recorded in compliance with applicable State laws governing notices of interests or liens in real

North Vista, Houston Texas 77073; Rosslyn 2016 LLC doing business as The Retreat on Rosslyn Apartments located at 5801 North Houston, Rosslyn Road, Houston Texas 77091 and Timbers 2020, LLC doing business as Timbers of Cranbrook Apartments, 14000 Ella Blvd Houston Texas 77014, further described in Exhibits A, B and C to this Order.

5. the fourteen (14)-day stay period otherwise imposed by Fed. R. Bankr. P. 4001(3) shall not be applicable to this Order

6. The Debtors no later than **Thursday, June 5, 2025** must file with the Clerk of the United States Bankruptcy Court operating reports and statements of disbursements made during each calendar quarter during the period from date of filing through the date of entry of this Order, and shall serve a true and correct copy of said operating reports and statements on the United States Trustee.

7. The Debtors no later than **Thursday, June 19, 2025**, must pay the appropriate sum of quarterly fees due and payable under 28 U.S.C. § 1930(a)(6) by remitting payment to the United States Trustee Payment Center, P. O. Box 6200-19, Portland, Oregon, 97228-6200, and shall furnish evidence of such payment to the United States Trustee, 515 Rusk, Suite 3516, Houston, Texas. The payment shall reflect the Debtors' account numbers and shall be transmitted with a "Chapter 11 Quarterly Disbursement and Fee Report" available from the United States Trustee. This Court shall retain jurisdiction to enforce payment of fees assessed under 28 U.S.C. § 1930(a)(6).

8. All professionals must, no later than **Thursday, June 5, 2025** file with the Court an application for professional fees under 11 U.S.C. § 330.

9. Notwithstanding this Order, the Court retains jurisdiction to consider professional fee applications and to enforce payment of fees assessed and interpret and enforce this order.

SIGNED May 23, 2025

Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

---

property, an order entered under paragraph (4) shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court, except that a debtor in a subsequent case under this title may move for relief from such order based upon changed circumstances or for good cause shown, after notice and a hearing. Any Federal, State, or local governmental unit that accepts notices of interests or liens in real property shall accept any certified copy of an order described in this subsection for indexing and recording.